UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM J. VASBINDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEWIS EVANGELIDIS, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　CIVIL ACTION<br>)　NO. 24-40017-MRG<br>)<br>)<br>)<br>)<br>) |

**ORDER**
**March 25, 2024**

**GUZMAN, D.J.**

On January 29, 2024, William J. Vasbinder, who is confined at the Worcester County Jail and House of Correction, filed a complaint concerning conditions of confinement at the facility. Since that time, Vasbinder has paid $402 for the filing fee and filed motions for leave to file an amended complaint (Dkt. No. 7) and for appointment of counsel (Dkt. No. 5). Upon review of the docket, the Court hereby orders:

1. The motion for leave to file an amended complaint is GRANTED. Vasbinder shall, within thirty-five days (35) days of the date of this order, file the amended complaint. The amended complaint will completely supersede the original complaint, so Vasbinder must include in the amended complaint all factual allegations and legal claims that he wises to be part of the operative pleading.

If, in the amended complaint, Vasbinder relies on the exhibits he filed with this Court on February 16, 2024 (Dkt. No. 6), he may incorporate them by reference without filing another set of the documents. However, at the pleading stage of litigation—when all non-conclusory factual allegations are treated as true—exhibits generally are not necessary.

2. The motion for appointment of counsel is DENIED without prejudice. A civil plaintiff does not have a constitutional right to counsel, and the Court does not have money to pay attorneys for time spent representing indigent litigants. Instead, the Court relies on the voluntary efforts of attorneys who are willing to donate their time. The Court has great discretion in deciding whether the appointment of counsel is appropriate.

At this juncture, the Court cannot determine whether appointment of counsel is merited in this action. Vasbinder may renew his motion for counsel after the defendants have been served with and have responded to the amended complaint.[1]

3. On January 30, 2024, the Court issued an order requiring Vasbinder to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. (Dkt. No. 3). Through clerical error, the order stated that the fee consisted of a $350 statutory fee and a $52 administrative fee, when in fact the administrative fee had recently been increased from $52 to $55. Thus, Vasbinder must pay an additional $3.00 towards the filing fee within thirty-five (35) days. The case shall go forward pending the resolution of the filing fee.

**So Ordered.**

    /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: March 25, 2024

---

[1] The amended complaint will be screened by the Court prior to the issuance of summonses. *See* 28 U.S.C. § 1915A (requiring a court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity" and dismiss any claims that have no basis in law or in fact, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief). In conducting this review, the Court will construe Vasbinder's pleading liberally because he is proceeding *pro se*. In addition, the Court will also treat all well-pleaded factual allegations as true.